# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

**No. 25-3024**

**September Term, 2025**

FILED ON: MAY 22, 2026

UNITED STATES OF AMERICA,
>> APPELLEE

v.

JOSUE EDUARDO RODAS,
>> APPELLANT

———

Appeal from the United States District Court
for the District of Columbia
(No. 1:20-cr-00148-1)

———

Before: RAO and WALKER, *Circuit Judges*, and RANDOLPH, *Senior Circuit Judge*

## J U D G M E N T

We considered this appeal on the record from the United States District Court for the District of Columbia and on the briefs and oral argument of the parties. The panel afforded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. Cir. R. 36(d).

It is hereby **ORDERED** that the appeal be **DISMISSED**.

\*  \*  \*

Josue Rodas pleaded guilty to second-degree burglary. D.C. Code § 22-801(b). The district court sentenced him to imprisonment for one year and four months and supervised release for three years. The court also imposed a suspended sentence of (1) imprisonment for one year and two months and (2) probation for one day. After Rodas' release from prison, he allegedly violated several supervised-release conditions, and the Probation Office petitioned to revoke his supervised release. When a defendant's supervised release is revoked, the court can sentence him to additional time in prison.

1

Rodas moved to dismiss the revocation proceedings, arguing that his supervised release ended before he allegedly violated its conditions. The district court denied the motion. Rodas then renewed his motion to dismiss the revocation proceedings, and the district court denied it as well.

Rodas appealed the order denying his renewed motion. He asserted that this court has appellate jurisdiction per 18 U.S.C. § 3742(a), which covers "review of an otherwise final sentence," and 28 U.S.C. § 1291, which covers review of "final decisions of the district courts."

We lack appellate jurisdiction.

The district court's order is not an appealable "final sentence." 18 U.S.C. § 3742(a). Before imposing a "sentence," the district court must revoke Rodas' supervised release, and to revoke it, the court must find that Rodas violated the conditions of his release. The court has done none of that yet. As of this appeal, the only sentence any court has imposed is the one Rodas insists he already completed and is not challenging.

The district court's order is also not an appealable "final decision[]." 28 U.S.C. § 1291. That's because the order neither ends the litigation nor meets the strict criteria for rulings deemed final under the collateral order doctrine. *See Mohawk Industries, Inc. v. Carpenter*, 558 U.S. 100 (2009); *see also GEO Group, Inc. v. Menocal*, 146 S. Ct. 774 (2026).

As the Supreme Court recently explained, the "collateral-order doctrine . . . is narrow, stringent, and of modest scope." *GEO Group*, 146 S. Ct. at 781 (cleaned up). The Court has traditionally explained that the doctrine allows immediate appeal only of "decisions that are conclusive, that resolve important questions separate from the merits, and that are effectively unreviewable on appeal from the final judgment in the underlying action." *Mohawk*, 558 U.S. at 106 (cleaned up). More recently, in the context of requests for review of pretrial orders to dismiss, the Court has clarified that this doctrine turns largely on "whether the defendant has asserted a defense to liability or instead an immunity from suit." *GEO Group*, 146 S. Ct. at 781. *But cf. id.* at 782 n.1 (noting "one category of cases [that] exists outside this dichotomy").

Rodas can assert no "immunity from" revocation proceedings. *Id.* at 781. All he has is an ordinary defense to revocation. *See id.* at 782 (explaining that if a defendant "advances some reason why his conduct was not unlawful," he "assert[s] a merits defense"). And he can make that defense on appeal if the district court issues a final judgment revoking his supervised release. Since Rodas can appeal *then*, his appeal *now* does not seek review of an order "effectively unreviewable on appeal." *Mohawk*, 558 U.S. at 106.

Rodas argues that his claim is akin to a Double Jeopardy claim, which is immediately reviewable because it protects "against being twice put to trial for the same offense," not just against "being subjected to double punishments." *Abney v. United States*, 431 U.S. 651, 660–61 (1977). But a revocation hearing does not threaten Rodas' interests like a second "trial itself

threatens" a Double Jeopardy claimant's interests because the Constitution guarantees Rodas no right to be free from a revocation hearing. *Trump v. United States*, 603 U.S. 593, 654 (2024) (Barrett, J., concurring in part). So just as the "criminal defendant in federal court normally must wait until after trial to seek review of the trial court's refusal to dismiss charges," Rodas must wait until after his revocation hearing to seek review of the court's refusal to dismiss the revocation proceedings. *Id.*[*]

\* \* \*

"The exceptions to the final judgment rule in criminal cases are rare." *Flanagan v. United States*, 465 U.S. 259, 270 (1984). Rodas' appeal of the district court's interlocutory order is analogous to none of those exceptions. So we dismiss for lack of appellate jurisdiction.

This disposition is unpublished. *See* D.C. Cir. R. 36(d). We direct the Clerk to withhold this mandate until seven days after resolution of a timely petition for panel or en banc rehearing. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41(a)(1).

**Per Curiam**

FOR THE COURT:
Clifton B. Cislak, Clerk

BY:  /s/
Daniel J. Reidy
Deputy Clerk

---

[*] In the district court, Rodas moved "to dismiss supervised release proceedings or, alternatively, to terminate supervised release as unsuccessful." But to the extent the district court's order denied a request "to terminate supervised release as unsuccessful," Rodas did not appeal that part of the order. *See, e.g.*, Rodas Br. at i ("This is an appeal from the order of the district court (the Honorable Beryl A. Howell) denying defendant-appellant's renewed motion to dismiss supervised release proceedings."). So this is not an appeal of an order denying a motion to terminate supervised release.